UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

B. J. LANDRUM, Individually
and on behalf of the Wrongful Death
Beneficiaries of Mildred Landrum, Deceased        PLAINTIFFS

V.                                CIVIL ACTION NO. 2:05CV98 LTS-JMR

DALESON ENTERPRISES, LLC, et al.                  DEFENDANTS

## MEMORANDUM OPINION

This wrongful death action originated in the Circuit Court of Jones County, Mississippi. Plaintiff B. J. Landrum (Landrum) alleges that his mother, Mildred Landrum, died as a result of the negligence of certain employees in a nursing home operated by Defendant Daleson Enterprises, LLC (Daleson). Landrum is a Mississippi resident, and Daleson is a Mississippi limited liability company.

This action was removed shortly after Daleson filed for bankruptcy. Removal was premised on the provisions of 28 U.S.C. §1452(a). This Court's jurisdiction over Daleson's bankruptcy is the sole grounds for removal of this civil action. 28 U.S.C. §1334(b).

Landrum has moved the Court to remand this case. Landrum contends that because this is an action between Mississippians, and because there is no federal interest at stake in this litigation, this Court should exercise its discretion to abstain from adjudicating the merits of the controversy.

Daleson contends that this action should remain in federal court. This action is one of five wrongful death actions brought against Daleson and a related enterprise, Medforce Management, LLC. Daleson contends that a federal forum is necessary in order to assure that these five wrongful death actions are adjudicated in an orderly fashion.

The five wrongful death cases have two things in common: they involve one or the other of two corporate defendants who have a substantial business relationship, and these two corporate defendants also share common insurance coverage through Underwriter's of Lloyd's London. The suits do not involve the same set of facts concerning the issues of liability or damages. Other than the business relationship between the two defendants and their common insurance coverage, these five cases are unrelated.

Regardless of the Court's decision on the question of remand, the Bankruptcy Court retains jurisdiction of the assets of the defendant corporations. The litigation of these individual wrongful death claims will only determine the validity of the claims and, if the claims are found to be valid, the amount of recoverable damages. In the event the plaintiffs succeed on the merits of this action, they will necessarily have to return to the Bankruptcy Court to present their claim in that forum.

This action is not a "core" bankruptcy proceeding because it does not involve a substantive right created solely by the federal bankruptcy law. It is "related to" the Daleson bankruptcy action because it could conceivably have an effect on the administration of the Daleson bankruptcy estate. 28 U.S.C. §1334(b); In re Wood, 825 F.2d 90 (5th Cir.1987). Thus this action is within this Court's subject matter jurisdiction under 28 U.S.C. §1334(b).

Landurm's motion to remand is based upon 28 U.S.C. §1452(b)(2), which provides that the court to which a civil proceeding is removed "may remand such case or causes of action on any equitable grounds." Landurm also contends that this Court is obliged to abstain from hearing this case under 28 U.S.C. §1334(c)(2).

Because this action is not a core proceeding, the mandatory abstention provisions of 28 U.S.C. §1334(c)(2) do not apply. 28 U.S.C. §157(b)(3); see Berry v. Pharmacia Co., 316 B.R. 883 (S. D. Miss.2004). Thus, the decision whether to remand this case is committed to my discretion under 28 U.S.C. §1452(b)(2).

I can see no reason that the merits of this particular claim should not be adjudicated in the court in which it was originally filed, as a matter of comity. While abstention and remand is not mandatory in this case, I will exercise my discretion to abstain from adjudicating this controversy in favor of the state court in which the action was brought. This action is premised on state law; it could not have been commenced in federal court except for its relationship to the Daleson bankruptcy proceeding; it is a non-core proceeding; and it can be timely adjudicated in state court. Judge Starrett has already exercised his discretion to remand one of the five cases that were removed, Christoffer v. Daleson Enterprises, 2:05cv99 KS-JMR, and I will follow him in remanding this action.

Accordingly, this matter will be remanded to the Circuit Court of Jones County, Mississippi. An appropriate order to that effect will be entered.

Decided this 7th day of November, 2005.

s/ *L. T. Senter, Jr.*

L. T. Senter, Jr.
Senior Judge